Marcus G. Christ, J.
This is a motion by the defendant, Travelers Fire Insurance Co., for judgment dismissing the complaint as against such defendant pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice. The third cause of action alleges “that during the course of contracts for bailment between plaintiff and defendants ” a contract of insurance was entered into by the defendants Grobeil and Liebman with the defendant, Travelers Fire Insurance Co., “ for the benefit of the plaintiff ’ ’. It is alleged that plaintiff was advised of such contract after inquiry and that a certificate bearing No. 7812, copy of which is annexed to and made a part of the complaint, was delivered to the plaintiff. It is further alleged by the plaintiff that by reason of such contract of insurance, Travelers Fire Insurance Co. owes the plaintiff $10,000 for damages sustained by plaintiff which sum has not been paid though demanded by the plaintiff.
On its face the certificate does not purport to be anything more than a certification by Travelers Fire Insurance Co. that one Anthony Grobeil has insurance of that company under one of its policies; that the amount of such policy is $10,000; that such policy provides coverage of an unspecified nature on “vehicles owned, leased or operated by or for the assured that the policy terminates September 17, 1957; and that loss is to be adjusted with the assured in conformity with the conditions of such policy and payable to the assured or order. The name of the plaintiff does not appear anywhere in the body of the certificate. In. the lower left-hand corner of the form of certificate there is typed the following legend:
“ Copy for
Jasco Aluminum Products Co.
P. O. Box 2090 Jericho Turnpike
New Hyde Park, New York ”
This is the only reference to the plaintiff in or on the certificate upon which plaintiff predicates its claim against the moving defendant. There is no language in the certificate indicating directly or indirectly that the plaintiff was a beneficiary pf or otherwise interested in the insurance granted to *495 Gobeil. The certificate relied upon amounts to no more than a certification by the insurer that Gobeil has insurance with Travelers Fire Insurance Co. in the amount specified. There is nothing in such certificate to sustain plaintiff’s allegation that the insurance referred to therein was ' ‘ for the benefit of the plaintiff
The motion is granted with leave to the plaintiff, if so advised, to serve an amended complaint within 20 days after service of a copy of the order to be entered hereon, with notice of entry.
Settle order on notice.